RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/27/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **THEDDIS MARCEL PEARSON** | **DOCKET NO. 1:13-CV-822; SEC. P** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **WARDEN CARVAJAL** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Theddis Marcel Pearson filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on April 19, 2013. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks the length of the sentence imposed upon him in the United States District Court for the Southern District of Mississippi.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Procedural History*

Petitioner was convicted by a jury of five counts of health care false statements and one count each of theft of government funds and money laundering. On appeal, the U.S. Fifth Circuit Court of Appeals reversed the convictions for health care false statements, but affirmed the convictions for theft of government funds and money laundering. See U.S. v. Jones, 664 F.3d 966 (5th Cir. 2011). Petitioner received a 120 month sentence for each of the convictions that were affirmed, with the sentences to run

concurrently. He now claims that his sentence is illegal and was imposed as the result of ineffective assistance of counsel.

### Law and Analysis

Petitioner filed suit pursuant to §2241. A 2241 petition "is typically used to challenge the manner in which a sentence is executed." Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001). Relief under §2255, however, is the primary means for a federal prisoner to "collaterally attack the legality of his conviction or sentence," id. at 901, due to "errors that occurred at or prior to the sentencing," Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005). Petitioner seeks to collaterally attack the legality of his sentence because of alleged errors that occurred at the sentencing. He is not challenging the *manner* in which his sentence is being executed. Thus, Petitioner must seek relief under §2255.

A §2241 petition attacking the imposition of a federal sentence may be considered only where the petitioner establishes that §2255 is inadequate or ineffective to test the legality of his detention. Padilla 416 F.3d at 426. This is a heavy burden, and courts find a remedy under section 2255 to be inadequate or ineffective "only in extremely limited circumstances." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Petitioner cannot show that §2255 is inadequate or ineffective because he filed a petition pursuant to §2255 in the Southern District of Mississippi, which **is**

**still pending at this time.** [U.S. v. Pearson, 2:09-cr-43, S.D.Miss. Doc #433] Petitioner has not alleged how the 2255 remedy is ineffective since the 2255 motion has yet to be decided.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED,** as the petition challenges Pearson's sentence, not the manner in which it is being executed; and, Petitioner has not shown that Section 2255 is inadequate or ineffective. His Section 2255 motion remains pending in the Southern District of Mississippi.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR

AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 26th day of June, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE